IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,638-01 and 02






EX PARTE PHILLIP LEE HEAD, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


CAUSE NOS. 04-CR1668 and 06-CR0955 IN THE 212th DISTRICT COURT


FROM GALVESTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of misapplication
of fiduciary property and securities fraud and he was sentenced to twenty-five years' and thirty-two 
years' imprisonment, respectively. The Fourteenth Court of Appeals affirmed his convictions. Head
v. State, Nos. 14-07-00855-CR and 14-07-00856-CR (Tex. App.-Houston [14th Dist.] delivered
September 30, 2009, pet. ref'd). 

 Applicant has raised numerous, detailed allegations that both his trial counsel and his
appellate counsel rendered ineffective assistance in these cases. In response to these claims, the trial
court has entered findings of fact and conclusions of law that state, in their entirety, the following:

 This Trial Court finds that there is no necessity for a fact finding hearing because
there is ample evidence from the Trial Attorney's affidavit (attached), the Appellate
Attorney's affidavit (attached), and the Trial Court's record to rule on the relief
sought. This Trial Court further finds that the representations contained in the State'
Answer and said affidavit are correct, that no controverted previously unresolved
facts or issues exist which would entitle Applicant to relief, and that Applicant's
claim has no legal merit. This Trial Court recommends that relief be denied. 


 However, the trial court's findings of fact and conclusions of law are not supported by the
record before this Court. First, several discrepancies in trial counsel's affidavit are highlighted by
the detailed response filed by the Applicant and these discrepancies are not addressed by the trial
court. Second, appellate counsel's affidavit does not specifically address any of the grounds raised
by the Applicant. And last, the State's response is a general denial that does not address the merits
of the issues raised by the Applicant. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 It appears from the record that Applicant is currently represented by counsel. However, if
that is no longer the case and the trial court elects to hold a hearing, it shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make additional, detailed findings of fact as to whether the performance
of Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make additional, detailed findings of fact as to
whether the performance of Applicant's appellate counsel was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 11, 2012

Do not publish